UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAWN KAMINSKI, individually and as Parent
of Marcus Kaminski, T.K-R, and G.K.R.; and
MARCUS KAMINSKI

                                        Plaintiffs,


          -v-                                        6:06-CV-1519

COMMISSIONER OF ONEIDA COUNTY
DEPARTMENT OF SOCIAL SERVICES;
ONEIDA COUNTY DEPARTMENT OF SOCIAL
SERVICES; and NEIGHBORHOOD CENTER

                                        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                            OF COUNSEL:

DAWN KAMINSKI, individually and as parent
    of M.K-R., T.K.-R., and G.K.-R., pro se
120 Leah Street
Apt. #2
Utica, NY 13501

MARCUS KAMINSKI, pro se
120 Leah Street
Apt. #2
Utica, NY 13501

Gorman, Waszkiewicz, Gorman & Shmitt       BARTLE J. GORMAN, ESQ.
Attorney for Defendants Commissioner of
    Oneida County Department of Social
    Services and Oneida County Department
    of Social Services
1508 Genesee Street
Utica, NY 13502

Menter, Rudin & Trivelpiece, P.C.          JAMES H. MCGOWAN III, ESQ.
Attorneys for Defendant Neighborhood Center DOUGLAS P. NEEDHAM, ESQ.
308 Maltbie Street                          ROBERT G. BENNETT, ESQ.

Suite 200
Syracuse, NY 13204

DAVID N. HURD
United States District Judge

## MEMORANDUM-DECISION and ORDER

## I.  INTRODUCTION

Plaintiffs Dawn Kaminski ("plaintiff" or "Kaminski")[1] and Marcus Kaminski

(collectively "plaintiffs")[2] commenced this action against the Commissioner of Oneida County

Department of Social Services ("Commissioner"), the Oneida County Department of Social

Services ("DSS"), The Neighborhood Center ("Center"), and Charlene Wyslusaly.[3]  Plaintiffs

bring federal claims pursuant to 42 U.S.C. § 1983 for civil rights violations.  The complaint

includes claims for:  due process violations against all defendants by Kaminski; due process

violations against all defendants by Kaminski on behalf of her children; unlawful

imprisonment against all defendants brought by Kaminski on behalf of her child G. K.-R.; and

a claim by Kaminski for malicious prosecution by the Commissioner and DSS.  Plaintiffs also

bring several state law claims including prima facie tort, intentional infliction of emotional

distress, negligence, and unlawful imprisonment.

Defendants Commissioner and DSS moved for dismissal pursuant to Federal Rules

of Civil Procedure ("Rule __") 12(b)(1) and (6) and for judgment on the pleadings pursuant to

_____

[1]  Unless otherwise noted, all references to Kaminski will be to Dawn Kaminski.

[2]  Marcus Kaminski originally appeared in the complaint as M. K.-R.  He has since reached the age of majority and has joined as a plaintiff in the suit.

[3]  Defendant Wysluzaly, once a caseworker employed by DSS, died after the initiation of these proceedings.  As a result, all causes of action against her were dismissed pursuant to Federal Rule of Civil Procedure 25(a).  See Order,  Dkt. No. 29, Oct. 22, 2008.

Rule 12(c).  The Center moved for dismissal pursuant to Rules 12(b)(1) and (6) and for

summary judgment pursuant to Rule 56.  Plaintiffs opposed and the Center replied.  The

motions were taken on submit without oral argument.

## II. <u>FACTS</u>

Kaminski is the mother of Marcus Kaminski, T. K-R, and G. K-R.  In 2002, Kaminski

relinquished custody of her three children for health reasons and they were placed in foster

care.  In June 2003, the three children were returned to Kaminski's care.  In January 2004,

DSS removed the children from her care because of neglect concerns.  The children were

placed in separate foster homes, and DSS hired the Center to provide counseling to the

children.[4]

After her children were removed, Kaminski initiated a number of proceedings

against DSS and the Center in New York State Supreme Court, Oneida County ("Supreme

Court") and Oneida County Family Court ("Family Court") to increase visitation with her

children.  Complaint, Dkt. No. 1, ¶ 18.  Her requests were denied.  <u>Id</u>. ¶ 19.  She appealed

those decisions, but her appeals were denied.  <u>Id</u>. ¶ 20.

On May 4, 2007, Family Court terminated Kaminski's parental rights with respect to

T.K.-R. pursuant to New York Social Services Law section 384-b.  Order, Dkt. No. 33-2.

Then, on December 10, 2008, Family Court terminated her parental rights with respect to

G.K.-R.  <u>Id</u>.  Kaminski appealed both decisions.  On May 1, 2009, the Appellate Division,

Fourth Department affirmed the Family Court's termination of her parental rights with respect

---

[4] The Center provides counseling and treatment for children and youth at risk of out-of-home placement.  DSS and the Center have a contract where DSS clients receive counseling and treatment from the Center.

to T.K.-R.  Id.  On December 30, 2009, they affirmed the Family Court's termination of her

parental rights with respect to G.K.-R.  Needham Decl., Dkt. No. 61, Ex. A.  Kaminski sought

leave to appeal from the New York State Court of Appeals, but her request was denied.  Id.

## III.  DISCUSSION

The Commissioner and DSS moved to dismiss all claims pursuant to Rule 12(b)(1)

for lack of subject matter jurisdiction, Rule 12(b)(6) for failure to state a claim, and for

judgment on the pleadings pursuant to Rule 12(c).  The Center moved for dismissal of all

claims for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).  In the alternative, it

moved for an order dismissing the children's claims because Kaminski lacks standing and for

summary pursuant to Rule 56 on the negligence claim.

### A.  Legal Standards

"A case is properly dismissed for lack of subject matter jurisdiction under

Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate

it."  Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).  When a defendant moves

to dismiss on other grounds, such as Rule 12(b)(6), for failure to state a claim upon which

relief can be granted, the court must consider the Rule 12(b)(1) motion first.  Baldessarre v.

Monroe-Woodbury Cent. Sch. Dist., No. 10-CV-2594, 2011 WL 2638448, at *4 (S.D.N.Y.

June 29, 2011).

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'"  Ashcroft v. Iqbal, — U.S. —, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v.

Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1960 (2007)).  A complaint is facially plausible

"when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged."  Id.  A pro se complaint must be read liberally.  Shomo v. City of N.Y., 579 F.3d 176, 183 (2d Cir. 2009).

"[T]he standard for addressing a Rule 12(c) motion for judgment on the pleadings is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim."  Cleveland v. Caplaw Enters., 448 F.3d 518, 521 (2d Cir. 2006).

### B.  Standing

All defendants argue Kaminski lacks standing to bring federal claims alleging violations of due process (Second Cause of Action) and unlawful imprisonment (Ninth Cause of Action) on behalf of her children, because her parental rights have been terminated. Kaminski claims that she has standing to bring the Second and Ninth Causes of Action because her parental rights had not yet been terminated at the commencement of this suit and at the time of the state court proceedings.

Once parental rights are terminated, a parent lacks standing to bring claims on behalf of his or her children.  Lominicki v. Cardinal McCloskey Servs., No. 04-CV-4548, 2007 WL 2176059, at *6 (S.D.N.Y. July 26, 2007).  Additionally, parents lack standing to bring claims individually pursuant to § 1983 based solely upon a deprivation of a child's constitutional rights.  See, e.g., Morgan v. City of N.Y., 166 F. Supp. 2d 817, 820 (S.D.N.Y. 2001).

Plaintiff's parental rights were terminated as to T. K.-R. and G. K.-R. in 2007 and 2008 respectively.  Thus, she lacks standing to bring claims on behalf of them.  Even if her parental rights had not been terminated, she would still lack standing to bring the claims pursuant to § 1983 based solely upon the deprivation of her children's constitutional rights.

Accordingly, because plaintiff lacks standing, the Second and Ninth Causes of Action, brought on behalf of her children, must be dismissed.

### C. Subject Matter Jurisdiction

Defendants assert that plaintiffs' claims must be dismissed because a Federal District Court lacks subject matter jurisdiction because her alleged injuries arise out of state court judgments.  Kaminski claims that the injuries in this action are separate from those in her custody battle.  She also argues her due process rights were violated by virtue of false evidence, contradicting statements, and perjured declarations submitted by Center counselor Terri Salisbury in the underlying state court proceedings.

Section 1983 of Title 42 of the United States Code provides that "[t]o maintain a claim through § 1983 a plaintiff must assert the violation of a federal right, not merely a violation of federal law." Blessing v. Freestone, 520 U.S. 329, 340 (1997).  A plaintiff must allege "that some person had deprived him of a federal right" and "that the person who has deprived him of that right acted under color of state . . . law." Valez v. Levy, 401 F.3d 75, 84 (2d Cir. 2005) (citing Gomez v. Toledo, 446 U.S. 635, 640, 100 S. Ct. 1920, 1923 (1980)).

The Rooker-Feldman doctrine prohibits federal jurisdiction in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, 125 S. Ct. 1517, 1521–22 (2005).  A court has no subject matter jurisdiction where it is called upon to hear alleged constitutional claims that inextricably intertwine with state court judgments. D.C. Court of Appeals v. Feldman, 460 U.S. 462, 476, 103 S. Ct. 1303, 1311 (1983).  The Supreme Court alone has the ability to exercise appellate jurisdiction with which district

courts are not vested.  Rooker v. Fidelity Trust Co., 263 U.S. 413, 416, 44 S. Ct. 149, 150 (1923).   District courts have only original jurisdiction, and cannot reverse or modify the judgment of a state court.  Id.; see also Hense v. Martin, 417 F. App'x 83, 84 (2d Cir. 2011) (Summary Order) ("Lower federal courts lack subject matter jurisdiction over claims that effectively challenge state-court judgments.").  A plaintiff cannot avoid the application of the Rooker-Feldman doctrine simply by "presenting in federal court a legal theory not raised in state court," for example, by framing claims under § 1983.  Castiglione v. Papa, No. 10-CV-2491, 2011 WL 1938666, at *2 (N.D.N.Y. May 23, 2011) (Summary Order) (Kahn, J.).  For the Rooker-Feldman doctrine to apply, a claim must meet four requirements:

> First, the federal-court plaintiff must have lost in state court.  Second, the plaintiff must complain of injuries caused by a state-court judgment.  Third, the plaintiff must invite district court review and rejection of that judgment.  Fourth, the state-court judgment must have been rendered before the proceeding in parallel with ongoing state-court litigation.

Hoblock v. Albany Cnty. Bd. of Elections, 422 F.3d 77, 85 (2d Cir. 2005).

Here, the plaintiffs lost in state court.  Kaminski's children were removed from her custody, placed in foster care, and numerous reunification attempts failed.  Following a state court judgment, her parental rights were terminated with respect to her youngest children, T. K.-R. and G. K.-R.  The allegations and injuries set forth in plaintiffs' complaint alleging a deprivation of due process are traceable directly to these state court judgments.  The complaint invites review, and essentially rejection of, the state court judgments.  Finally, even though Kaminski's parental rights were terminated following the commencement of this action, her children were removed from her custody and placed in foster care where they remain pursuant to state court judgments.  Thus, the Rooker-Feldman doctrine applies to

plaintiffs' claims alleging a deprivation of due process, and no statutory or constitutional power exists to adjudicate that claim.

Accordingly, plaintiffs' First Cause of Action alleging a deprivation of due process under § 1983 must be dismissed for lack of subject matter jurisdiction.

### D. Malicious Prosecution Claim

Defendants seek dismissal of plaintiff's malicious prosecution claim.  They argue she has failed to sufficiently plead facts showing she is entitled to relief on the malicious prosecution claim.  Kaminski alleges the state court proceedings against her were groundless, and were initiated with malice and without probable cause.

For a claim of malicious prosecution to survive a motion to dismiss, one must plead facts sufficient to show that:  "(1) the defendant initiated a prosecution against plaintiff, (2) without probable cause to believe the proceeding can succeed, (3) the proceeding was begun with malice and, (4) the matter terminated in plaintiff's favor."  Ricciuti v. N.Y.C. Transit Auth., 124 F.3d 123, 130 (2d Cir. 1997); see also Sims v. N.Y.C. Police Dep't, No. 10-CV-6128, 2011 WL 2946369, at *3 (S.D.N.Y. July 20, 2011).  To assert a claim for malicious prosecution under § 1983, a plaintiff must also allege that he or she suffered a "sufficient post-arraignment liberty restraint to implicate the plaintiff's Fourth Amendment rights." Rohman v. N.Y.C. Transit Auth., 215 F.3d 208, 215 (2d Cir. 2000).

The Fourteenth Amendment's Due Process Clause provides protection against government interference with certain fundamental rights and liberty interests.  See Washington v. Glucksberg, 521 U.S. 702, 720, 117 S. Ct. 2258, 2267 (1997).  "A parent's interest in the custody of a child is a Constitutionally protected liberty interest subject to due process protection."  Tenenbaum v. Williams, 193 F.3d 581, 593 (2d Cir. 1999).  Only

violations of the Fourth Amendment, however, support § 1983 claims for malicious prosecution.  Albright v. Oliver, 510 U.S. 266, 274–75, 114 S. Ct. 807, 813 (1994).  To sustain a malicious prosecution claim under § 1983, "there must be a seizure or other perversion of proper legal procedures implicating the claimant's personal liberty and privacy interests under the Fourth Amendment."  Washington v. Cnty. of Rockland, 373 F.3d 310, 316 (2d Cir. 2004).

Here, Kaminski failed to allege that she was maliciously prosecuted in Family Court.  Only her children's Fourth Amendment rights were implicated when they were seized from her custody.  Thus, plaintiff has failed to state a claim upon which relief can be granted.

Accordingly, Kaminski's malicious prosecution claim must be dismissed.

### E.  State Law Claims

Plaintiffs' allege several state law claims including negligence, prima facie tort, intentional infliction of emotional distress, unlawful imprisonment of G. K.-R., and malicious prosecution.  Because plaintiffs' federal claims have all been dismissed, their state law claims will not be reviewed pursuant to 28 U.S.C. § 1367.

A district court may exercise supplemental jurisdiction over state law claims "whenever the federal-law claims in the case 'derive from a common nucleus of operative fact' and are 'such that [a plaintiff] would ordinarily be expected to try them all in one judicial proceeding.'"  Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 349, 108 S. Ct. 614, 618 (1988) (quoting United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725, 86 S. Ct. 1130, 1138 (1966)).  Courts have discretion in deciding whether or not to exercise supplemental jurisdiction.  Block v. First Blood Assocs., 988 F.2d 344, 351 (2d Cir. 1993) (quoting Kidder, Peabody & Co., 925 F. 2d 556, 563 (1991)).  Section 1367(c)(3) provides that "district courts

may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Once § 1367(c)(3) triggers a district court's discretion, the traditional "values of judicial economy, convenience, fairness, and comity" are balanced in deciding whether to exercise jurisdiction. Kolari v. N.Y.-Presbyterian Hosp., 455 F.3d 118, 122 (2d Cir. 2006) (quoting Cohill, 484 U.S. at 350, 108 S. Ct. at 619). "In the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." Id. at 350 n.7, 108 S. Ct. at 619.

Here, all federal claims have been dismissed, and supplemental jurisdiction will not be exercised over the remaining state law claims.

## IV. CONCLUSION

Plaintiff has no standing to bring claims on behalf of her children because her parental rights have been terminated, and all claims brought by her on behalf of her children must be dismissed. As a result, defendants' motions to dismiss the Second and Ninth Causes of Action will be granted. The Rooker-Feldman doctrine bars plaintiffs' federal claim alleging due process violations because the conduct she complains about is a result of state court judgments. Therefore, defendants' motions to dismiss the First Cause of Action will be granted and that claim dismissed. Kaminski also fails to sufficiently state a malicious prosecution claim because no Fourth Amendment right was implicated. Thus, the Commissioner's and DSS's motion to dismiss will be granted and the Tenth Cause of Action dismissed. Finally, because no federal claims remain, supplemental jurisdiction will not be exercised over the remaining state law claims.

Accordingly, it is

ORDERED that

1.  Defendants Commissioner of Oneida County Department of Social Services and the Oneida County Department of Social Services' motion to dismiss the First, Second, Ninth, and Tenth Causes of Action is GRANTED;

2.  Defendant Neighborhood Center's motion to dismiss the First, Second, and Ninth Causes of Action is GRANTED;

3.  The First, Second, Ninth, and Tenth Causes of Action are DISMISSED; and

4.  Supplemental jurisdiction over the remaining state law claims, the Third, Fourth, Fifth, Sixth, Seventh, and Eighth Causes of Action, is DENIED pursuant to 28 U.S.C. § 1367, and those Causes of Action are DISMISSED, without prejudice.

The Clerk is directed to enter judgment accordingly and to close the file.

IT IS SO ORDERED.

_____
United States District Judge

Dated:   August 5, 2011
         Utica, New York.

- 11 -